IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KENDELLE Y. DANIELS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:12-CV-92 (MTT) |
| | ) | |
| **STEBBINS ENGINEERING AND** | ) | |
| **MANUFACTURING COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

The Court convened a Discovery and Scheduling Conference in this matter on January 24, 2013. This Order memorializes the Court's directives at that hearing.

The Court questioned whether Georgia Power Company is a proper party to this action. Counsel for Stebbins Engineering advised the Court that Stebbins Engineering was the Plaintiff's employer and thus was the proper party to the Plaintiff's Title VII action. Georgia Power has tendered to Stebbins Engineering its defense and Stebbins' counsel now represents Georgia Power. The Court allowed the Plaintiff until February 4, 2013 to file with the Court any basis for his belief that Georgia Power may be a proper party. Otherwise, the Court will dismiss Georgia Power without prejudice.

The Plaintiff shall produce to counsel for the Defendants any documents relevant to his claims and to his employment with Stebbins Engineering by February 14, 2013.

Stebbins Engineering shall serve on the Plaintiff a response to the following interrogatory by February 25, 2013:

With regard to each affirmative defense raised in Stebbins Engineering's Answer:

(1) a statement of each fact relied upon for each affirmative defense;

(2) identification of each individual with knowledge of each fact relied upon for the affirmative defenses; and

(3) identification of each document that evidences each fact relied upon for the affirmative defenses.

Along with its response, Stebbins Engineering shall produce to the Plaintiff any documents identified in the interrogatory response and any documents that fall within the scope of discovery.

The Defendant(s) will then convene the Plaintiff's deposition.  After the completion of the deposition, Defendants' counsel shall advise the Court of the status of the case, including whether the Plaintiff wishes to conduct further discovery.  The Plaintiff may respond to this letter within ten days.  Any further discovery shall be completed by July 23, 2013.  However, any Party may file dispositive motions whenever that Party feels the record is sufficiently established.

The Parties have also filed Motions to Transfer Venue.  (Docs. 4 and 24).  The Plaintiff requests that venue be transferred to the Albany Division of the Middle District of Georgia because he resides in that division.  The Defendants argue that the Macon Division of the Middle District of Georgia is the appropriate venue because Stebbins Engineering is located within this division and the alleged events giving rise to this action occurred in this division.  The Court agrees that the Macon Division is the appropriate venue for this action pursuant to 28 U.S.C. § 1404(a).  Accordingly, the

Defendants' Motion is **GRANTED** (Doc. 24), and the Plaintiff's Motion is **DENIED** (Doc. 4).

**SO ORDERED**, this the 24th day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
